IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                        Plaintiff,                        ORDER

    v.

                                                16-cv-416-wmc

MR. ECKSTEIN, MR. KIND, DR. STONEFIELD,
MR. VANDEWALLE, MS. FRANCOIS,
DR. ANKARLO, DR. CHING and MS. LUTSEN,

                        Defendants.

---

        In this civil action under 42 U.S.C. § 1983, plaintiff Christopher Goodvine, an inmate at Green Bay Correctional Institution ("GBCI"), alleges that several defendants at GBCI have been deliberately indifferent to his mental health needs, including by: (1) his placement in segregation; (2) denial of medications (after he overdosed); and (3) lack of any meaningful mental health treatment. This court previously screened Goodvine's complaint pursuant to 28 U.S.C. § 1915, and allowed him to proceed on these claims. (Dkt. #6.) During a telephonic status conference held today, the court took up plaintiff's filing a motion for preliminary injunction (dkt. #3), which was denied without prejudice as moot, and the defendants' motion for change of venue (dkt. #9), which was granted.

        As for the motion for preliminary injunction, Goodvine acknowledged during the status conference that:

- While all of his medications had been stopped after an overdose, his prescription for Seroquel has since been reinstated;

- He has received at least 33 "clinical contacts" with PSU staff since arriving at GBCI on March 11, 2016, although many were perfunctory check ins at his door;

- His doctors at GBCI have developed a behavior management plan that describes responsibilities for Goodvine, security, psychiatry and PSU with respect to Goodvine's mental health treatment, including Dialectical Behavioral Therapy programming;

- He has been told that if he achieves target behaviors under the plan for 3 continuous months, his requested transfer to WRC will be considered; and

- As a result of the above, he acknowledges that no further preliminary relief is necessary at this time.

Accordingly, plaintiff's motion for preliminary injunction will be denied without prejudice as moot.

With this immediate issue out of the way, the court will grant defendants' motion to transfer for three reasons. First, the incidents giving rise to the complaint occurred at the Green Bay Correctional Institution, where plaintiff is currently in custody. Second, it appears that plaintiff and *all* of the named defendants are located in or near Green Bay, or at least work at GBCI. Third, plaintiff has had several cases in the Eastern District of Wisconsin, including as Goodvine acknowledged during the status conference, a recently filed case with the *same* named defendants. A transfer and possible consolidation of these two case would, therefore, appear to be in the interests of judicial economy. Accordingly, the court will exercise its discretionary authority under 28 U.S.C. § 1404(a) and § 1406(a), and transfer this case to the Green Bay Division of the Eastern District of Wisconsin.[1]

---

[1] In addition, the plaintiff indicates he has had difficulty reaching his fiancé to pay his filing fee.

ORDER

IT IS ORDERED that:

1) plaintiff's motion for preliminary injunction (dkt. #3) is DENIED without prejudice as moot; and

2) defendants' motion to transfer to the Green Bay Division of the Eastern District of Wisconsin (dkt. #9) is GRANTED.

Entered this 15th day of July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

Plaintiff is encouraged to take all reasonable steps to expedite the filing of that fee. Regardless, that is an issue for the Eastern District to address upon transfer.